**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
**UNIQUE CRATING & SHIPPING CORP., et al.,**

**Plaintiffs,**

**- against -**

**U.S. UNDERWRITERS INSURANCE COMPANY,**

**Defendant.**
---------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

**20-CV-4952 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

This action for a declaratory judgment concerning insurance coverage, which was commenced in state court on June 24, 2020, was removed to this Court by defendant U.S. Underwriters Insurance Company ("defendant"), on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Notice of Removal (Oct. 15, 2020) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1. For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

## DISCUSSION

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met.

See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

In the instant action, the Notice of Removal provides an insufficient basis for concluding that the amount in controversy satisfies the jurisdictional threshold. Citing the per-occurrence limits of the insurance policies at issue ($1,000,000 on the primary policy, plus $1,000,000 under an excess policy), the Notice contains only a conclusory statement that, "[b]ased on the allegations of the Complaint, the amount in controversy in this case is in excess of $75,000, exclusive of interest and costs." Notice ¶ 11. But the Complaint provides no particulars about the amount in controversy. See Complaint for Declaratory Judgment ("Compl."), DE #1-1 (attached as Ex. A to Notice). All that can be determined from the Complaint is that the dispute concerns insurance coverage in a personal injury action pending in state court, Lopez v. Seagis, JFK, LLC, Index No. 706336/2018, wherein it is alleged that Mr. Lopez, the plaintiff therein, "'was caused to trip and fall due to a dangerous, hazardous and unsafe condition causing him to sustain grievous personal injuries.'" Compl. ¶ 14.

In a declaratory judgment action brought pursuant to the Court's diversity jurisdiction, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); accord Lighton Indus., Inc. v. Allied World Nat'l Assurance Co., 348 F.Supp.3d 167, 181 (E.D.N.Y. 2018); Amica Mut. Ins. Co. v. Levine, 7 F.Supp.3d 182, 187 (D. Conn. 2014). In other words, in such cases "involving the applicability of an insurance policy to a particular occurrence, the jurisdictional

amount in controversy is measured by the value of the underlying claim – not the face amount of the policy." Amica Mut. Ins., 7 F.Supp.3d at 187 (internal quotation marks omitted); see Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co., No. 19-CV-7294 (RA), 2019 WL 6498316, at *3 (S.D.N.Y. Dec. 3, 2019) ("[W]hen seeking declaratory judgment to determine the applicability of an insurance policy, the jurisdictional amount in controversy is measured by the value of the underlying claim.") (internal quotation marks, alterations and citation omitted).

In this case, the Complaint is silent as to the value of the underlying claim in the state slip-and-fall case. The boilerplate allegation that Mr. Lopez sustained "grievous personal injures," Compl. ¶ 14, fails to sustain defendant's burden to establish that the amount in controversy satisfies the jurisdictional threshold. See Correa v. YRC Worldwide Inc., 19-CV-1564 (CBA), 2019 WL 1649945, at *1-2 (E.D.N.Y. Mar. 28, 2019), adopted, 2019 WL 1643541 (E.D.N.Y. Apr. 16, 2020); Perez v. Smith, 19-CV-2085 (RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (adopting recommendation to remand *sua sponte*); Remy v. Savoie, No. 17-CV-00663 (DLI)(RER), 2017 WL 639251, at *3 (E.D.N.Y. Feb. 16, 2017). Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo, 28 F.3d at 273-74. As defendant here has failed to satisfy its burden in this regard, the District Court should remand the action. See Memorandum & Order (Sept. 17, 2020), DE #9, Jack Irwin, DDS v. Midvale

Indemnity Co., 20-cv-4223 (PKC) (ordering remand of declaratory judgment action based on insufficient allegations in underlying complaint as to amount in controversy); see also Islam v. Hertz Vehicles, LLC, 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) ("Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's Complaint], because the Complaint does not allege a damages amount.") (internal quotation marks and citation omitted); Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable Carol B. Amon on or before **November 9, 2020**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated: Brooklyn, New York**
**October 26, 2020**

/s/ Roanne L. Mann

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**